### In re JENNIFER M.

Supreme Judicial Court of Maine.

Argued June 4, 1992.
Decided July 14, 1992.

---

John D. Pelletier, (orally), Augusta, for mother.

Jean C. Anderson, (orally), Asst. Atty. Gen., Dept. of Human Services, Augusta, for State.

Before WATHEN, C.J., and ROBERTS, GLASSMAN, CLIFFORD and COLLINS, JJ.

WATHEN, Chief Justice.

The mother of Jennifer M. appeals from the judgment entered in the District Court (Augusta, *Perry, J.*) granting the petition of the Department of Human Services (DHS) to terminate her parental rights. The mother alleges error in the court's failure to apply the "clear and convincing" standard of proof, and additionally claims that under that standard, there is insufficient evidence to support the termination order. Finding no error, we affirm.

DHS was granted custody of Jennifer M. in 1986, when she was four years old, because she had been abused by her mother's then live-in companion, a convicted child sexual offender. There was also evidence of other instances of sexual abuse by as many as three other acquaintances of the mother. The mother, however, denied that the abuse had occurred and failed to take responsibility for her inability to protect Jennifer.

The mother participated in counselling during the period 1987–1990 to address her substance abuse problems, her choice of companions and acquaintances, and her failure to empathize with or protect Jennifer. At the time of the termination hearing, the mother's living situation was more stable in that she was married to a recovering alcoholic and had herself remained sober for some time, but her counselor and other clinicians testified that another two years of counselling might be necessary for resolution of the other issues and "even then, she may not be in a position to provide the protection and structure required by the minor child."

On appeal, the mother argues that because the District Court did not expressly refer to the clear and convincing evidence standard in its order, it failed to apply that standard and therefore its order should be vacated. We disagree. Certainly the preferred practice is to articulate the standard. We note in the present case that the court referred to 22 M.R.S.A. § 4055 several times in its opinion, and that section expressly sets forth the requirement of clear and convincing evidence. In this case we do not assume that the court committed reversible error merely by failing to articulate the standard. We review the factual findings of the District Court and affirm the termination only if the clear and convincing standard is met, i.e., if the District Court could reasonably have been persuaded that those factual findings were proved to be *highly probable. See In re Annette P.*, 589 A.2d 924 (Me.1991). Here the record supports to a high degree of probability the District Court's conclusion that the mother is unable to take responsibility for Jennifer within a time reasonably calculated to meet her needs.

The entry is:

Judgment affirmed.

All concurring.